IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THE OFFICE OF THE DEPARTMENT
OF STATE OF FLORIDA,

    Plaintiff,

vs.                                     Case No. 4:17cv155-MW/CAS

BERTONCOT FINANCIAL TRUST,
ROBERT H. OLCOTT,
and FLORIDAUCC, LLC,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

A notice of removal has been filed on April 3, 2017, removing this action from the Second Judicial Circuit, in and for Leon County, Florida. ECF No. 1. The notice of removal asserts that jurisdiction is appropriate pursuant to this Court's diversity jurisdiction provision, 28 U.S.C. § 1332. *Id.* at 3. That assertion appears incorrect for several reasons.

The diversity jurisdiction statute provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The complaint as filed in state court seeks only a declaratory judgment, injunctive relief, and a "civil penalty of $2,500.00 against the Bertoncot Trust and Mr. [Robert] Olcott for each instrument determined to be in violation of section 817.535(2), Fla. Stat. (2017)." ECF No. 2.[1] Thus, the amount in controversy does not appear to exceed $75,000.

Additionally, complete diversity between the parties does not appear to exist, although that issue is partly contested in the notice of removal. The notice of removal asserts that Bertoncot Financial Trust resides in the District of Colombia and its trustee, Robert Olcott, resides in Nebraska. ECF No. 1 at 3. However, the complaint alleged that Defendant Bertoncot Trust lists its primary address on the UCC-1 Financing Statement as: 70785 County Road 25, Scottsbluff, Nebraska. ECF No. 2 at 2. That is the same address provided for trustee Robert H. Olcott. *Id.*

Nevertheless, it is undisputed that Defendant FLORIDAUCC, LLC, is a resident of the State of Florida, as is Plaintiff. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every

---

[1] For ease of reference, the state court complaint is separately filed on this Court's docket as document 2.

defendant." In re Accutane Prod. Liab., 841 F. Supp. 2d 1243, 1245 (M.D. Fla. 2012); Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1542 (11th Cir. 1993); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1557 (11th Cir. 1989); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Notwithstanding the issue of residency concerning Defendants Olcott and Bertoncot Financial Trust, both FLORIDAUCC, LLC, and the State of Florida are residents of the same state. Diversity jurisdiction does not exist.

"When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007) (In re Accutane Prod. Liab., 841 F. Supp. 2d at 1245-46). This case must be remanded back to state court.

As an additional matter, the notice of removal is unsigned and is, thus, ineffective. *See* ECF No. 1 at 5. Rule 11 requires that every pleading, motion, or other paper "be signed by at least one attorney of record in the attorney's name - or by a party personally if the party is

Case No. 4:17cv155-MW/CAS


unrepresented." Fed. R. Civ. P. 11(a). Moreover, the typewritten signature block purports to be filed by Robert Hutton on behalf of the Bertoncot Financial Trust. ECF No. 1 at 5. There is no indication that Mr. Hutton is an attorney licensed by The Florida Bar, nor has Mr. Hutton been admitted to the bar of this Court.

Well established case law provides that a corporation or other business entity may only appear in court if represented by an attorney. Osborn v. United States Bank, 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824); *see also* National Ind. Theatre v. Buena Vista Distribution, 748 F.2d 602, 609 (11th Cir. 1984), *cert. denied*, 471 U.S. 1056 (1985) (concluding that § 1654 precludes a non-lawyer sole shareholder from appearing on behalf of a corporation); Palazzo v. Gulf Oil Corp., 764 F.2d 1382, 1385 (11th Cir. 1985) (stating that "a corporation is an artificial entity that . . . cannot appear pro se, and must be represented by counsel."); Reshard v. Britt, 839 F.2d 1499, 1501 (11th Cir. 1988)(Tjoflat, dissenting); Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So.2d 247, 248 (Fla. 3d DCA 1985).

> A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity

> created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear *in propria persona*.

Paradise v. Nowlin, 86 Cal.App.2d 897, 195 P.2d 867, 867 (1948)(citations omitted). Bertoncot Financial Trust must be represented by counsel to proceed in this Court. *See* Boydston v. Strole Development Co., 193 Ariz. 47, 50-51, 969 P.2d 653, 656-657 (Ariz. 1998); Stockwire Research Group, Inc. v. Lebed, 577 F.Supp.2d 1262, 1264 (S.D. Fla. 2008) (ordering the corporate defendants to obtain counsel or face potential default); Energy Lighting Mgmt., LLC v. Kinder, 363 F.Supp.2d 1331, 1332 (M.D. Fla. 2005) (noting "that limited liability companies, like corporations, 'may appear and be heard only through counsel.'") (citations omitted). Defendant Bertoncott Financial Trust cannot proceed in this case, including the filing of objections to this Report and Recommendation, without representation by an attorney licensed by the State of Florida and admitted to the bar of this Court.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **REMANDED** back to state court because this Court lacks subject matter jurisdiction over this action.

**IN CHAMBERS** at Tallahassee, Florida, on April 5, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**